B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br><br>Jane Doe, by and through her Guardian ad Litem,<br>Jennifer Alva | **DEFENDANTS**<br><br>Luis Banuelos<br>Cathleen Alice Arellanes |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>Neil K. Gehlawat (SBN 289388)  TAYLOR & RING<br>Peter A. Reagan SBN 327596)  1230 Rosecrans,Ave., Suite 360,<br>Manhattan Beach, CA 90266<br>(320)209-4100 | **ATTORNEYS** (If Known)<br><br>David Lozano<br>9150 Las Tunas Drive, Temple City, CA 91780<br>(626) 802-5680 |
|---|---|

| **PARTY** (Check One Box Only)<br><br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br><br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determination that Debt is Non-Dischargeable Pursuant to 11 U.S.C. Section 523(a)(6)

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $  Compensatory and punitive damages according to proof |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR   Luis Banuelos and Cathleen Alice Arellanes | BANKRUPTCY CASE NO.   6:24-bk-16192-RB | |
| DISTRICT IN WHICH CASE IS PENDING   Central | DIVISION OFFICE | NAME OF JUDGE   Magdalena Reyes Bordeaux |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE   January 16, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)   Peter A. Reagan |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

David M. Ring (SBN 151124)
Neil K. Gehlawat (SBN 289388)
Peter A. Reagan (SBN 327596)
**TAYLOR & RING**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone:   (310) 209-4100

Brent Buchsbaum (SBN 194816)
Laurel Haag (SBN 211279)
**BUCHSBAUM HAAG**
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone:   (562) 733-2498

**Attorneys for Plaintiff JANE DOE**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>LUIS BANUELOS,<br>CATHLEEN ALICE ARELLANES,<br><br>Debtor,<br><br>JANE DOE, by and through her Guardian ad Litem, Jennifer Alva,<br><br>Plaintiff/Creditor,<br><br>-vs.-<br><br>LUIS BANUELOS<br>CATHLEEN ALICE ARELLANES<br><br>Defendants/Debtors. | CHAPTER 7<br>CASE NO. 6:24-bk-16192-RB<br>ADV. CASE NO.<br><br><br>**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)** |

1

COMPLAINT

Plaintiff/Creditor Jane Doe, an individual, by and through her guardian *ad litem*, Jennifer Alva, as against Defendants/Debtors Luis Banuelos and Cathleen Alice Arellanes, complains and alleges as follows:

## GENERAL ALLEGATIONS

**The Parties:**

1.     Plaintiff/Creditor Jane Doe ("Plaintiff") is a resident of the County of Orange, State of California.  Jane Doe was the victim of sexual abuse perpetrated by her former job supervisor Luis Banuelos.  As such, Jane Doe's full identity has been concealed from public court filings in order to prevent those not directly involved in this action from learning her identity and making her identity public.  Such a public disclosure would further harm Jane Doe and her family.

2.     Plaintiff/Creditor suffers from an intellectual disability and is a client of the Regional Center of Orange County.  As such, an order appointing her mother, Jennifer Alva, as her guardian *ad litem* has been filed contemporaneously with this complaint.

3.     Defendant/Debtor Luis Banuelos ("Banuelos") is a former employee of Goodwill of Orange County.  Banuelos was Plaintiff's job supervisor at all relevant times.  Upon information and belief, Banuelos resides in the County of Orange, State of California.  On October 16, 2024, Luis Banuelos filed for Chapter 7 bankruptcy,

4.     Upon information and belief, Defendant/Debtor Cathleen Alice Arellanes is Luis Banuelos' wife and/or partner who jointly filed for Chapter 7 bankruptcy with Luis Banuelos.

**Jurisdiction And Venue:**

5.     Plaintiff/Creditor brings this action pursuant to 11 U.S.C. § 523(a)(6). Plaintiff/Creditor seeks judgment determining Defendants/Debtors Luis Banuelos and Cathleen Alice Arellanes debt to Plaintiff/Creditor to be non-dischargeable under 11 U.S.C. § 523(a)(6).

6.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

7.     Venue lies in the Central District of California as this is a proceeding arising from a case commenced by the Defendants/Debtors under Chapter 7 of the Bankruptcy Code in the Central District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.     Plaintiff/Creditor suffers from an intellectual disability and is a client of the Regional Center of Orange County.

9.     Through the Regional Center, Plaintiff/Creditor was placed in a supported employment program with Goodwill of Orange County and Sodexo, Inc.  Specifically, Plaintiff/Creditor started working for Goodwill and Sodexo in June 2021 as a Mess Attendant at Camp Pendleton, where she served marines and sailors.

10.     Plaintiff/Creditor's job supervisor when she started working for Goodwill and Sodexo was Luis Banuelos.  Banuelos also worked for Goodwill and Sodexo.

11.     Since Plaintiff/Creditor lived in Orange County and did not drive, Goodwill and Sodexo made arrangements for Banuelos to transport Plaintiff/Creditor to and from work every day in a company vehicle.  Banuelos would also transport other (disabled) employees in the company vehicle along with Plaintiff/Creditor.

12.     Plaintiff/Creditor really enjoyed working at Camp Pendleton at first. However, starting around October 2021, things changed.  Banuelos began to sexually harass and abuse Plaintiff/Creditor, including forcing her to orally copulate him, while transporting her from Camp Pendleton back to her home in Orange County.   Banuelos' sexual abuse of Plaintiff/Creditor continued until May 2022, when Plaintiff/Creditor's mother noticed that Plaintiff/Creditor was not herself.  She confronted Plaintiff/Creditor and Plaintiff/Creditor begrudgingly told her mother that Banuelos had been sexually abusing her.  Plaintiff/Creditor's mother immediately notified Plaintiff/Creditor's work supervisor, who thereafter contacted Program Management.

13.     Banuelos' repeated sexual assault of Plaintiff/Creditor is the subject of a civil lawsuit currently pending in the Superior Court of the County of Orange, Case No. 30-2023-01341615-CU-PO-CJC, which seeks compensatory and punitive damages against

Banuelos as a result of his sexual abuse.  A copy of Plaintiff/Creditor's civil complaint is attached herewith.

## FIRST CAUSE OF ACTION

### Determination The Debt Is Non-Dischargeable Pursuant To 11 U.S.C. § 523(a)(6)
### (Against All Defendants/Debtors)

14.     Plaintiff/Creditor realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-13 of the complaint.

15.     While Plaintiff/Creditor worked at Camp Pendleton, Defendant/Debtor Banuelos took advantage of his position of authority and trust to engage in unlawful sexual acts and other harmful misconduct with Plaintiff/Creditor.  Plaintiff/Creditor did not consent to the acts, nor could Plaintiff/Creditor have consented to the acts given her disability.  The crimes took place between October 2021 and May 2022.

16.     As a direct and legal result of this conduct, Plaintiff/Creditor suffered severe and permanent injuries including, but not limited to physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

17.     In committing the acts described herein, the conduct of Defendant Banuelos was despicable, and done with malice, oppression and fraud, justifying an award of punitive damages against him.

18.     Defendant/Debtor Banuelos' conduct willfully and maliciously injured Plaintiff/Creditor within the meaning of 11 U.S.C. § 523(a)(6) and therefore any debt arising from such conduct is non-dischargeable under 11 U.S.C. § 523(a)(6).  Accordingly, Plaintiff/Creditor is entitled to have Defendants/Debtors' debt to her be determined as nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Creditor Jane Doe prays for judgment against Defendants/Debtors Luis Banuelos and Cathleen Alice Arellanes as follows:

1. Determining that the Defendants/Debtors Luis Banuelos and Cathleen Alice Arellanes' debt to Plaintiff/Creditor is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6);

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: January 16, 2025                         **TAYLOR & RING**

                                                By: _____
                                                Neil K. Gehlawat
                                                Peter A. Reagan
                                                Attorneys for Plaintiff/Creditor

## **DEMAND FOR JURY TRIAL**

Plaintiff/Creditor Jane Doe hereby demands a trial by jury.

Dated: January 16, 2025                         **TAYLOR & RING**

                                                By: _____
                                                Neil K. Gehlawat
                                                Peter A. Reagan
                                                Attorneys for Plaintiff/Creditor

5

COMPLAINT

Case 6:25-ap-01004-RB   Doc 1   Filed 01/16/25   Entered 01/16/25 15:46:23   Desc
Electronically Received by Superior Court of California, County of Orange, 08/08/2023 12:27:27 PM.
30-2023-01341615-CU-PO-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.
DocuSign Envelope ID: DFA03A5E-072F-481E-AA2C-02F72678D10F

**CIV-010**

| | |
|---|---|
| ATTORNEY (Name, State Bar number, and address):<br>— David M. Ring                              151124<br>Neil K. Gehlawat, SBN 289388\|Peter A. Reagan, SBN 327596<br>TAYLOR & RING<br>1230 Rosecrans Ave., Ste. 360, Manhattan Beach, CA 90266<br>TELEPHONE NO: (310) 209-4100   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>AUG 29 2023<br><br>DAVID H. YAMASAKI, Clerk of the Court<br>BY: CAMILLE TOWNSEND, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Jane Doe

DEFENDANT/RESPONDENT: Goodwill of Orange County;
Job Options, Inc.; et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM - CIVIL<br>[X] EX PARTE | CASE NUMBER:<br>30-2023-01341615-CU-PO-CJC |
|---|---|

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Jennifer Alva                                    is
   a. [X] the parent of *(name):*  Jane Doe
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Jennifer Alva c/o TAYLOR & RING
   1230 Rosecrans Ave. Suite 360
   Manhattan Beach, CA 90266        P: (310) 209-4100

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Jane Doe c/o TAYLOR & RING
   1230 Rosecrans Ave. Suite 360
   Manhattan Beach, CA 90266; P: (310) 209-4100

4. The person to be represented is:
   a. [ ] a minor *(date of birth):*
   b. [X] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Jane Doe was injured as a result of sexual abuse and sexual harassment. Jane Doe has a claim for damages and cannot bring this action without guardian appointment.

[ ] Continued on Attachment 5a.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-010 [Rev. January 1, 2008] | **APPLICATION AND ORDER FOR APPOINTMENT**<br>**OF GUARDIAN AD LITEM-CIVIL** | Code of Civil Procedure,<br>§ 372 et seq. |

CEB | Essential Forms
ceb.com

DocuSign Envelope ID: DFA03A5E-072F-481E-AA2C-02F72678D10F

CIV-010

| PLAINTIFF/PETITIONER: Jane Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Goodwill of Orange County; et al | 30-2023-01341615-CU-PO-CJC |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

   c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

   d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):
   Jane Doe is an adult with special needs. She has a claim for damages
   and cannot bring this action without a guardian appointed.

   ☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
   a. ☒ related (state relationship):   Mother
   b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

   ☐ Continued on Attachment 7.

   Neil K. Gehlawat                          ▶ _____
   (TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 8, 2023

Jennifer Alva                            ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF APPLICANT)

### CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: August 8, 2023

Jennifer Alva                            ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

### ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Jennifer Alva
is hereby appointed as the guardian ad litem for (name): Jane Doe
for the reasons set forth in item 5 of the application.

Date:   8/25/2023                                    JUDGE ANDRÉ DE LA CRUZ
                                                         ▶ _____
                                                               (JUDICIAL OFFICER)
                                                         ☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]          **APPLICATION AND ORDER FOR APPOINTMENT**                Page 2 of 2
                                        **OF GUARDIAN AD LITEM-CIVIL**

CEB Essential
ceb.com Forms

Electronically Filed by Superior Court of California, County of Orange, 08/08/2023 12:27:37 PM.
30-2023-01341615-CU-PO-CJC - ROA DOC. - DAVID H. YAMASAKI, Clerk of the Court By K. Cismer, Deputy Clerk.
Case 8:25-cv-00628-JVS-JDE   Document 1   Filed 03/28/25   Entered 03/18/25 15:46:23   Desc
Main Document   Page 10 of 25

David M. Ring (SBN 151124)
Neil K. Gehlawat (SBN 289388)
Peter A. Reagan (SBN 327596)
**TAYLOR & RING**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone:     (310) 209-4100
Facsimile:     (310) 208-5052

Brent Buchsbaum (SBN 194816)
Laurel Haag (SBN 211279)
**BUCHSBAUM HAAG**
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone:     (562) 733-2498
Facsimile:     (562) 628-5501

**Attorneys for Plaintiff JANE DOE**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| JANE DOE, an individual, by and through her guardian *ad litem*, Jennifer Alva;<br><br>Plaintiff,<br><br>-vs.-<br><br>GOODWILL OF ORANGE COUNTY, a corporation; JOB OPTIONS, INC., a corporation; LUIS BANUELOS, an individual; and DOES 1-60, inclusive;<br><br>Defendants. | CASE NO. 30-2023-01341615-CU-PO-CJC<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Assigned for All Purposes**<br><br>Judge Andre De La Cruz |

Plaintiff Jane Doe, an individual, by and through her guardian *ad litem*, Jennifer Alva, as against Defendants Goodwill of Orange County, Job Options, Inc., Luis Banuelos, and Does 1-60, inclusive, complains and alleges as follows:

## GENERAL ALLEGATIONS

**The Parties:**

1.       Plaintiff Jane Doe ("Plaintiff") is currently 30 years old.  Jane Doe is a resident of the County of Orange, State of California.  Jane Doe was the victim of sexual abuse perpetrated by her former job supervisor in Orange County, California.  As such, Jane Doe's full identity has been concealed from public court filings in order to prevent those not directly involved in this action from learning her identity and making her identity public.  Such a public disclosure would further harm Jane Doe and her family.

2.       Plaintiff suffers from an intellectual disability and is a client of the Regional Center of Orange County.  As such, a petition to appoint her mother, Jennifer Alva, as her guardian *ad litem* has been filed contemporaneously with this complaint.

3.       Jurisdiction is proper in Orange County because the defendants are either residents of Orange County or do business in Orange County, and also because the acts which are the basis of this lawsuit occurred in Orange County.

4.       Defendant Goodwill of Orange County ("Goodwill") is a corporation organized, existing, and conducting business under the laws of the County of Orange and the State of California.  Goodwill was responsible for the administration, maintenance, operation, and oversight of its employees, including Defendant Luis Banuelos, Plaintiff, and Does 1-20.  Does 1-20 are employees and/or agents of Goodwill responsible for the administration, supervision, and oversight of Goodwill employees.

5.       Defendant Job Options, Inc. ("Job Options") is a corporation organized, existing, and conducting business under the laws of the County of Orange and the State of California.  Job Options was responsible for the administration, maintenance, operation, and oversight of its employees, including Defendant Luis Banuelos, Plaintiff, and Does 21-40.  Does 21-40 are employees and/or agents of Job Options responsible for the administration, supervision, and oversight of Job Options employees.

6.       Defendant Luis Banuelos ("Banuelos") is a former employee of Defendants Goodwill and Job Options.  Banuelos was Plaintiff's job supervisor while she worked for Defendants Goodwill and Job Options.  Upon information and belief, Banuelos resides in the County of Orange, State of California.

///

///

2

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**

7.      Does 41-60 are the persons and/or entities who run, manage, operate, supervise, oversee, fund, are joint venturers, parent organizations, are the subsidiaries, are contractually related and/or are principals and/or the agents of the business, entities, and/or principals, who owed a duty of care to Plaintiff and breached that duty of care.

8.      The true names and capacities of each defendant designated herein as Does 1-60, whether an individual, business, public entity, or some other entity, are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names, pursuant to Code of Civil Procedure section 474. Each Doe defendant is responsible in some actionable manner for the events alleged herein.  Plaintiff will amend the complaint to state the true names and capacities of said defendants when the same have been ascertained.

9.      At all times mentioned herein, defendants, and each of them, were the agents, employees, and joint venturers, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, employees, and joint venturers.

10.      Wherever appearing in this complaint, each and every reference to defendants, or any of them, is intended to include, and shall be deemed to include, all fictitiously named defendants.

11.      Plaintiff has exhausted her administrative requirements prior to filing this lawsuit by filing a claim with the Department of Fair Employment and Housing and has obtained a Right-to-Sue letter.

12.      Plaintiff is informed and believes, and thereon alleges that during all relevant times, Defendants Goodwill and Job Options regularly employed at least five (5) employees, bringing each of them within the provisions Government Code section 12940 *et seq*. (the California Fair Employment and Housing Act or "FEHA").

**FACTS COMMON TO ALL CAUSES OF ACTION**

13.      Plaintiff suffers from an intellectual disability and is a client of the Regional Center of Orange County.

14.      Through the Regional Center, Plaintiff was placed in a supported employment program with Goodwill and Job Options.  Specifically, Plaintiff started working for Goodwill and Job Options in June 2021 as a Mess Attendant at Camp Pendleton, where she served marines and sailors.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE

15.     Plaintiff's job supervisor when she started working for Goodwill and Job Options was Luis Banuelos.  Banuelos also worked for Goodwill and Job Options.

16.     Since Plaintiff lived in Orange County and did not drive, Goodwill and Job Options made arrangements for Banuelos to transport Plaintiff to and from work every day in a company vehicle.  Banuelos would also transport other (disabled) employees in the company vehicle along with Plaintiff.

17.     Plaintiff really enjoyed working at Camp Pendleton at first.  However, starting around October 2021, things changed.  Banuelos began to sexually harass and abuse Plaintiff while transporting her from Camp Pendleton back to her home in Orange County.

18.     Banuelos would lick Plaintiff's ear lobe and force Plaintiff to lick his ear lobe while he was driving her in the company vehicle.  Moreover, Banuelos would grope Plaintiff's breasts and massage her leg/ankle.  This made Plaintiff uncomfortable but she did not know how to respond or react.  These acts of sexual abuse occurred when Plaintiff and Banuelos were the only ones in the car.

19.     Around the same time, Banuelos' employers, Goodwill and Job Options, received a complaint about Banuelos from one of his co-employees in the Mess Hall at Camp Pendleton.  This female co-worker claimed that Banuelos was sexually harassing her; in response, Banuelos was removed from that Mess Hall and transferred to a different Mess Hall at Camp Pendleton.

20.     Once Banuelos was moved from the Mess Hall where Plaintiff worked, she had a new supervisor, Juan Linos.  However, Banuelos remained the person who transported Plaintiff to and from Camp Pendleton every day.

21.     As time went on, the extent of Banuelos' sexual abuse of Plaintiff progressed.  Banuelos would stop the company vehicle at a park in Orange County (in the Lake Forest area) and instruct Plaintiff to get out of the car and use the restroom.

22.     Banuelos would take Plaintiff to the restroom and sexually assault her in one of the bathroom stalls.  This occurred multiple times over several months.

23.     In or around May 2022, Plaintiff's mother noticed that Plaintiff was not herself.  She confronted Plaintiff and Plaintiff begrudgingly told her mother that Banuelos had been sexually abusing her.  Plaintiff's mother immediately notified Plaintiff's work supervisor, Juan Linos, who thereafter contacted Program Management.

4

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**

Case 6:25-ap-01004-RB   Doc 1   Filed 01/16/25   Entered 01/16/25 15:46:23   Desc
Main Document    Page 14 of 25

24.     Plaintiff stopped working at Camp Pendleton in May 2022.  In July 2022, Plaintiff and her mother were notified that clients of the Regional Center would no longer be transported to and from work.

25.     Upon information and belief, Banuelos was suspended and then fired by Goodwill and Job Options for his sexual abuse of Plaintiff.

**FIRST CAUSE OF ACTION**

**SEXUAL BATTERY (Cal. Civil Code § 1708.5)**

**(Against Defendant BANUELOS)**

26.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-25 of the complaint.

27.     While Plaintiff worked at Camp Pendleton, subject to Goodwill and Job Options' policies and procedures and under their direction, oversight and supervision, Defendant Banuelos took advantage of his position of authority and trust to engage in unlawful sexual acts and other harmful misconduct with Plaintiff.  Plaintiff did not consent to the acts, nor could Plaintiff have consented to the acts given her disability.  The crimes took place between October 2021 and May 2022.

28.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

29.     In committing the acts described herein, the conduct of Defendant Banuelos was despicable, and done with malice, oppression and fraud, justifying an award of punitive damages against him.

**SECOND CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendant BANUELOS)**

30.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-29 of the complaint.

5

31.     Acting with knowledge of his superior position and his relationship with Plaintiff, and realizing Plaintiff's special susceptibility to emotional distress due to her disability, inexperience, and vulnerability, Defendant Banuelos commenced upon a course of manipulating Plaintiff, so that he could ultimately coerce and convince Plaintiff to engage in unlawful sexual acts.

32.     The misconduct of Banuelos was outrageous, particularly because he was Plaintiff's job supervisor.  Banuelos used this trust to his advantage by manipulating Plaintiff's emotions and exploiting them sexually.

33.     The acts of Banuelos were intentional, willful, oppressive, and malicious, and done for the purpose of causing Plaintiff to suffer emotional harm, humiliation, mental anguish, and emotional distress, or with reckless disregard for the likelihood that they would cause Plaintiff such distress.  His actions justify the imposition of an award of punitive damages.

34.     As a direct and legal result of Banuelos' actions and misconduct, Plaintiff has been damaged emotionally and physically, and otherwise, all to Plaintiff's special and general damages in amounts to be proven at the time of trial.

### THIRD CAUSE OF ACTION

### SEXUAL HARASSMENT (Cal. Civ. Code §§ 51.9 & 52)

### (Against Defendants GOODWILL, JOB OPTIONS, and DOES 1-40)

35.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-34 of the complaint.

36.     Defendant Banuelos had a supervisor-employee relationship with Plaintiff and made sexual advances, solicitations, sexual requests, demands for sexual compliance by Plaintiff, and/or engaged in other verbal, visual, and physical conduct of a sexual nature based on Plaintiff's gender that were unwelcome, severe, and pervasive.  Plaintiff was unable to easily terminate the relationship since Banuelos was her supervisor and Plaintiff was intellectually disabled and under Banuelos' supervision, care, and control.

37.     Implicitly or explicitly, Defendants Goodwill, Job Options, and Does 1-40 condoned, aided, incited, ratified, and/or conspired in the denial of Plaintiff's right to be free from sexual harassment by her supervisor and thus allowed Banuelos to repeatedly sexually harass and abuse Plaintiff.

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**

Specifically, Defendants Goodwill and Orange County allowed Banuelos to continue transporting Plaintiff to and from work after they had received a complaint of sexual harassment against him by another co-employee.

38.     As a direct and proximate result of the acts and omissions of Defendant Banuelos as alleged herein, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

39.     Pursuant to Section 52 of the California Civil Code, Plaintiff seeks exemplary damages against Defendant Banuelos in an amount to be determined by the jury, and attorneys' fees against all Defendants.

## FOURTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, AND RETENTION OF UNFIT EMPLOYEE

### (Against Defendants GOODWILL, JOB OPTIONS, and DOES 1-40)

40.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-39 of the complaint.

41.     Defendants Goodwill, Job Options and Does 1-40 had a duty to adequately and properly investigate, hire, train, and supervise their agents and employees who would be working with disabled adults to protect the disabled adults from harm caused by unfit and dangerous individuals hired as employees/job supervisors.

42.     Defendants Goodwill, Job Options and Does 1-40 knew or should have known that Banuelos and was unfit to be a job supervisor before June 2021.  Defendants Goodwill, Job Options and Does 1-40 also learned that Banuelos was unfit to be a teacher from June 2021 to May 2022, based on their observations of Banuelos inappropriate contact and conduct with Plaintiff and other co-employees.

43.     Defendants Goodwill, Job Options and Does 1-40 breached their duty to properly and adequately investigate, hire, train, and supervise Banuelos.

///

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE

44.     Had Defendants Goodwill, Job Options and Does 1-40 properly investigated, supervised, trained, and monitored the conduct and actions of Banuelos, they would have discovered that he was unfit to be so employed.  By failing to adequately supervise, monitor, or investigate, Defendants Goodwill, Job Options and Does 1-40 allowed Banuelos to continue, unhindered, with his predatory conduct directed towards disabled employees, including Plaintiff.

45.     Defendants Goodwill, Job Options and Does 1-40 negligently hired, supervised, retained, monitored, and otherwise employed Banuelos, and negligently failed to ensure the safety of disabled employees from the Regional Center of Orange County, including Plaintiff, who was entrusted to Defendants' custody, care, and control.

46.     Had Defendants Goodwill, Job Options and Does 1-40 performed their duties and responsibilities to monitor, supervise, and/or investigate their employees, including Banuelos, Plaintiff would not have been subject to the sexual abuse and other harmful conduct inflicted upon her.

47.     As a direct and legal result of the acts and omissions of Defendants Goodwill, Job Options and Does 1-40, Plaintiff suffered physical and emotional injuries and other harm, including economic and non-economic damages in amounts to be determined, but which exceed the jurisdictional limits of the Superior Court.

## FIFTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION OF A DISABLED ADULT

### (Against Defendants GOODWILL, JOB OPTIONS, and DOES 1-20)

48.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-47 of the complaint.

49.     Defendants Goodwill, Job Options and Does 1-40 were responsible for the care, custody, control, supervision, and protection of the disabled employees entrusted to them by the Regional Center of Orange County, including Plaintiff.  Said Defendants had a duty to adequately and properly supervise, monitor, and protect Plaintiff from known and knowable dangers, such as those posed by Banuelos.

50.     Defendants Goodwill, Job Options and Does 1-40 breached their duty to properly and adequately supervise, monitor, and protect Plaintiff, in part by ignoring clear and obvious signs that Banuelos was sexually harassing Plaintiff; placing Plaintiff in a position where she would be alone in a

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE

company vehicle with Banuelos while he transported her to and from work; and allowing Banuelos to repeatedly sexually harass and abuse while transporting her to and from work.

51.    Had Defendants Goodwill, Job Options and Does 1-40 properly supervised, monitored and protected the disabled employees entrusted to their care by the Regional Center of Orange County, Plaintiff would not have been harmed.

52.    Defendants Goodwill, Job Options and Does 1-40 also recklessly and negligently failed to implement and/or enforce policies and procedures that were aimed at preventing or detecting the sexual abuse of its disabled employees.

53.    Had Defendants Goodwill, Job Options and Does 1-40 adequately performed their duties and responsibilities, Plaintiff would not have been subject to the sexual abuse and harassment perpetrated by Banuelos.

54.    As a direct and legal result of the acts and omissions of Goodwill, Job Options and Does 1-40, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## SIXTH CAUSE OF ACTION

### [HOSTILE WORK ENVIRONMENT Cal. Gov. Code § 12940(j)]

### (Against Defendants GOODWILL, JOB OPTIONS, BANUELOS and DOES 1-40)

55.    Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-54 of the complaint.

56.    At all times herein mentioned, California's Fair Employment and Housing Act Government Code §§ 12940, et seq. was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require an employer to take action to prevent a hostile work environment on account of sex, and require an employer to take prompt remedial action to stop and deter sexual harassment from occurring.  See Government Code § 12940(j).

57.     As described herein, Plaintiff was subjected to unwanted harassment on the basis of her sex, which was severe and pervasive and cumulatively caused a hostile work environment and altered the conditions of her employment.  Defendants Goodwill, Job Options and Does 1-40 failure to take any action at all in response to the complaints compounded the seriousness of the hostile work environment and ratified the underlying harassment.

58.     Prior notice was provided to Defendants of the harassment, but Defendants failed to take corrective action.  Regardless, the harassment was carried out by a Supervisor, Defendant Banuelos, for which Defendants Goodwill, Job Options and Does 1-40 are strictly liable.

59.     As a legal result of the harassment of Plaintiff described above, Plaintiff has suffered and will continue to suffer humiliation, embarrassment, mental anguish and severe emotional and physical distress, all causing her damages in an amount to be determined at trial and according to proof.

60.     As a direct and proximate result of the discriminatory conduct of Defendants Goodwill, Job Options, Banuelos and Does 1-40, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

61.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code §§ 12940, et seq., and/or other applicable law, Plaintiff is entitled to be reimbursed said legal expenses and attorney's fees.

62.     The acts of all Defendants alleged above were done maliciously and/or oppressively. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

///
///
///
///

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**

### SEVENTH CAUSE OF ACTION

### FAILURE TO PREVENT HARASSMENT [Gov. Code § 12940(k)]

### (Against Defendants GOODWILL, JOB OPTIONS and DOES 1-40)

63.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-62 of the complaint.

64.     At all relevant times, the FEHA and has prohibited an employer from failing all necessary steps to prevent harassment, discrimination, and/or retaliation.

65.     Defendants Goodwill, Job Options and Does 1-40 employed Plaintiff and is covered by the legal requirements of FEHA during all relevant times.

66.     During Plaintiff's employment, Defendants Goodwill, Job Options and Does 1-40 failed to prevent harassment toward Plaintiff on the basis of her sex, despite prior complaints regarding the same, in violation of the FEHA, including California Government Code section 12940(k). Defendants Goodwill, Job Options and Does 1-40 failed to take all reasonable steps necessary to prevent harassment, including failing to comply with DFEH laws and regulations, and failed to take adequate remedial action after becoming aware of the harassment.

67.     As a direct and proximate result of the illegal conduct, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

68.     The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

///
///
///
///
///

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**

## EIGHTH CAUSE OF ACTION

### GENERAL NEGLIGENCE

### (Against Defendants GOODWILL, JOB OPTIONS, and DOES 41-60)

69.     Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained in paragraphs 1-68 of the complaint.

70.     Defendants Goodwill, Job Options and Does 1-40 are persons or entities who owed a duty of care to the Plaintiff, or had a duty to control the conduct of the perpetrator by way of the special relationship existing between those individuals.

71.     Defendants Goodwill, Job Options and Does 1-40 knew or should have known of the misconduct and sexually predatory behavior of Banuelos directed to employees he interacted with through his employment at Camp Pendleton.

72.     Despite having knowledge of the misconduct of Banuelos, Defendants Goodwill, Job Options and Does 1-40 failed to take any preventative action to control, curb, and/or prevent that conduct, and failed to warn Plaintiff of that wrongful conduct, despite having a legal duty to do so.

73.     As a direct and legal result of the negligence of Defendants Goodwill, Job Options and Does 1-40, Plaintiff was sexually assaulted and abused by Banuelos.

74.     Had Defendants Goodwill, Job Options and Does 1-40 fulfilled their duties and responsibilities, Plaintiff would not have been subject to all or most of the sexual abuse perpetrated against her.

75.     As a direct and legal result of Defendants Goodwill, Job Options and Does 1-40 having breached their duty to properly supervise and/or warn Plaintiff of the wrongful conduct, Plaintiff has been severely damaged emotionally and physically, and otherwise, in amounts to be determined, but which exceed the jurisdictional limits of the Superior Court.

///

///

///

///

///

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES ARISING FROM SEXUAL ABUSE**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jane Doe prays for judgment against Defendants Goodwill, Job Options, Banuelos, and Does 1-60, inclusive, as follows:

1. For an award of general and special damages according to proof;

2. For an award of punitive damages against Defendants Goodwill, Job Options, and Banuelos;

3. For an award of statutory damages, including attorney fees, pursuant to Cal. Civil Code §§ 51.9 & 52 and Cal. Gov. Code § 12965(b);

4. For prejudgment interest;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

Dated: August 7, 2023                                   **TAYLOR & RING**

By: _____
David M. Ring
Neil K. Gehlawat
Peter A. Reagan
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff requests that this action be determined by trial by jury.

Dated: August 7, 2023                                   **TAYLOR & RING**

By: _____
David M. Ring
Neil K. Gehlawat
Peter A. Reagan
Attorneys for Plaintiff

13

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Neil K. Gehlawat (SBN 289388)<br>Peter A. Reagan (SBN 327596)<br>**TAYLOR & RING**<br>1230 Rosecrans Avenue, Suite 360<br>Manhattan Beach, CA 90266<br>Telephone: (310) 209-4100<br>Facsimile: (310) 208-5052<br><br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Luis Banuelos<br>Cathleen Alice Arellanes<br><br><br>Debtor(s). | CASE NO.: 6:24-bk-16192-RB<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| Jane Doe, by and through her Guardian ad Litem, Jennifer Alva<br><br>Plaintiff(s)<br><br>Versus<br><br>Luis Banuelos<br>Cathleen Alice Arellanes<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Address:**<br>☐  255 East Temple Street, Los Angeles, CA 90012<br>☐  3420 Twelfth Street, Riverside, CA 92501<br>☐  411 West Fourth Street, Santa Ana, CA 92701<br>☐  1415 State Street, Santa Barbara, CA 93101<br>☐  21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
         Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                                         Page 2                                         **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                                     *Printed Name*                            *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.